### James T. Galford et al. v. John P. Gillett.

1.  NOTICE—*Possession Not in Grantor.*—A grantee of premises in possession of a party other than his grantor, is chargeable with notice of the interest of such party, because his possession shows some interest which may be adverse to that of his grantor; but the fact of the possession of the grantor asserting his right to grant is not notice to the grantee that he may be holding under a title or subject to some incumbrance or adverse interest other than appears of record.

2.  PARTIES—*In Foreclosure—Prior Incumbrances.*—To a bill for foreclosure all persons having an interest in the premises which will be affected by the decree should be made parties, but a prior incumbrancer as a general rule has no such interest, and need not be made a party.

Memorandum.—In equity.  In the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.  Bill for foreclosure; hearing and decree for complainant; appeal by defendants.  Heard in this court at the May term, 1894, and affirmed.  Opinion filed November 2, 1894.

Galford v. Gillett.

APPELLANTS' BRIEF, OSCAR ALLEN AND ROBERT HUMPHREY, ATTORNEYS.

Prior incumbrancers must be made parties. Finley v. President, etc., 11 Wheat. (U. S.) 305; McGown v. Yerkes, 6 Johns. Ch. (N. Y.) 450; Haines v. Beach, 3 Johns. Ch. (N. Y.) 459; Ensworth v. Lambert, 4 Johns. Ch. (N. Y.) 605.

All parties interested should be made parties. 4 Kent Com., 184; Robbins v. Arnold, 11 Brad. 438; Hopkins v. Roseclare, etc., 72 Ill. 373.

Want of proper parties may be taken advantage of on appeal. Zelli v. W. B. Co., 10 Brad. 339; Wellington v. Heermans, 110 Ill. 573.

Possession of land is evidence of extent of the occupant's title. Coari v. Olsen, 91 Ill. 280; Brainard v. Hudson, 103 Ill. 218; Dyer v. Martin, 4 Scam. 146; Williams v. Brown, 14 Ill. 204.

The purchaser is bound to inquire of occupant. White & Tudor, L. C. Eq., II, 188 (Ed. 1877); Bank v. Godfrey, 23 Ill. 607.

APPELLEE'S BRIEF, E. D. BLINN, ATTORNEY.

Where land is in possession of the grantors in a mortgage, an unrecorded deed from one grantor to the other is not notice to the mortgagee of any equities of those in possession. Coari v. Olsen, 91 Ill. 280; Brainard v. Hudson, 103 Ill. 218; Smith v. Jackson heirs, 76 Ill. 256.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellee, as assignee of certain promissory notes of appellant James T. Galford, and Annie B. Galford, his deceased wife, one of July 14, 1883, to Kate C. Bander, for $7,000, at five years, with 7½ per cent interest, secured by their mortgage on 316 16-100 acres of land in Logan county, and two to John D. Gillett, of October 1, 1883, for $5,000 each, at five years, with interest at eight per cent per annum, secured by their mortgage on the same land with enough of other to make 785 74-100 acres, all in said county, sought by

the bill herein to foreclose said mortgages.   It admitted that
$3,169 interest had been paid on the Bander note, and also
interest on one of the Gillett notes to October 1, 1888, and
on the other to December 6, 1891; and alleged that the lands
so mortgaged were the property of Mrs. Galford, who died
in 1884, leaving minor children, here made parties.

The answer of the adult defendants denies that the rights
of the minor children are subordinate to the mortgages, and
avers that in addition to the two $5,000 notes, another for
$3,000 was at the same time made to said John D. Gillett,
which was without consideration, and made the $10,000 con-
tract usurious.

The answer of Hiram Keys, who was also made defend-
ant, sets up that in April, 1886, John D. Gillett, the mort-
gagee, bought from Galford, the mortgagor, 320 acres of
the mortgaged premises, and by will devised them to him,
and claims that therefore they are free from the incum-
brance of the mortgage.

For the infant defendants their guardian *ad litem* avers in
his answer, that their mother, on April 14, 1883, being then
the owner of the half section described in the Bander mort-
gage, and of a portion of the other lands described in the
Gillett mortgage, conveyed them to her husband, the defend-
ant James T. Galford, for his life, with remainder in fee to
said minor children, and that at that time and ever since the
possession thereof, has been in herself until her death, and
of her said husband and minor children.

It appears that the purchase by John D. Gillett of the 320
acres and devise of the same to Keys were made as averred
in his answer, and also that the conveyance by Mrs. Galford
to her husband for life with remainder in fee to her children
was made as averred in the answer of their guardian *ad
litem*, and that the mortgage from Galford and wife to Gil-
lett covered a note for $3,000, besides the two for $5,000
each, though only $10,000 were in fact loaned and advanced
to Galford at that time.

But the master computed the amount due to complainant
as assignee of the $5,000 notes with interest as reserved,
and the court rendered a decree accordingly.

It also appears that a mortgagee, prior to the mortgages to Gillett, was not made a party defendant to the bill.

The failure to make him such, and the disregard of the claims of Keys and the minor children of Mrs. Galford are assigned as errors, as well as the ruling on the question of usury.

The defendant Keys, who received his deed long after the execution of these mortgages, did not join in this appeal. Galford and the minor children are the only appellants here.   His claim, set up in his answer, against the assignee of the mortgage debt is, therefore, no further considered.

We suppose that when the argument for appellants was prepared, the record did not show that the Gillett mortgage was produced on the hearing, or its absence accounted for and secondary evidence of its contents introduced, and this failure was urged as error.    But an amended certificate of evidence, since filed, shows this was a mistake of fact.

It sufficiently appears from the evidence that the $3,000 note included in that mortgage was only collateral to another previously given for that amount, and was surrendered after the latter was paid, without any demand or payment on account of it.    The allegation of usury in the mortgage debt was, therefore, not sustained.

When these mortgages were executed, the record showed the title to the premises in Mrs. Galford, and no incumbrance thereon or adverse equity or interest therein, except the small prior mortgage referred to.    Some months previously, however, she had in fact conveyed them to her husband for his life with the remainder in fee to their children.    The deed was not recorded, nor is it pretended that the mortgagees, or either of them, or any person authorized to act for or represent them, had actual notice of its execution.    But she and her husband, with the children, remained in possession, to all appearance, precisely as before, until her death, and he, with the children, ever since.    It is contended such possession was constructive notice to the mortgagees and those claiming under them, of their respective interests under the unrecorded deed, and hence that of the children was unaffected by these subsequent mortgages.

A grantee of premises in possession of a party other than his grantor is chargeable with notice of the interest of such party, because his possession certainly shows some interest which, for aught that appears, may be adverse to that of such grantor. But why the fact of possession by the grantor, asserting his right to grant, should suggest to the grantee a suspicion that he may be holding under a title, or subject to some incumbrance or adverse interest other than appears of record, we do not see. Smith v. The Heirs of Jackson, 76 Ill. 254. Here the title of record was in Mrs. Galford, who was also in possession, occupying and using the premises, so far as a married woman could, like an absolute owner. We are of opinion that her mortgagees had no notice, actual or constructive, of the interest of the children, and that interest is therefore subject to the mortgages.

To a foreclosure bill, as to others in equity, all persons having an interest which would be affected by the decree, should be made parties. A prior incumbrancer need not be, and if he is omitted, generally his interest is not so affected. We do not understand that by the rule in this State he is always a necessary party. No special circumstances that should make him such appear in this case.

Finding no error in the record the decree will be affirmed.